UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GILBERTO RAMOS,<br><br>Petitioner,<br>v.<br><br>WARDEN LEGRAND, et al,<br><br>Respondents. | Case No. 3:14-cv-00219-MMD-WGC<br><br>ORDER |

This habeas matter comes before the Court on petitioner's application to proceed in forma pauperis (dkt. no. 1), on his motion for appointment of counsel (dkt. no. 1-2), and for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases. The Court finds that petitioner cannot pay the filing fee within a reasonable time with the sums currently on hand and therefore will grant the pauper application.

The Court further finds that grant of petitioner's motion for appointment of counsel would be in the interests of justice. Review of the procedural history reflected in the online records of the state courts would suggest that: (a) the federal limitation period expired on its face on or about May 17, 2011, absent a basis for overcoming the untimeliness of the petition; and (b) any exhausted claims were rejected based upon state procedural grounds of laches or untimeliness. The sparse allegations of the proper person original petition would tend to suggest that Spanish perhaps was petitioner's primary language at least at the time of his plea. The better course on the current

record would be to litigate the potential issues to be raised, including the likely procedural defenses, with petitioner represented by counsel.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (dkt. no. 1) is granted, such that petitioner will not be required to pay the filing fee.

It is further ordered that the Clerk of Court shall file the petition and accompanying motion for counsel, that the motion for appointment of counsel is granted, and that the Clerk shall reflect the grant of the motion along with the docket entry for the motion in a manner consistent with the Clerk's current practice. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add state attorney general Catherine Cortez Masto as counsel for respondents and shall make informal electronic

2

service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner (along with a copy of the papers that he submitted), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division. The Clerk further shall provide copies of the prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 25th day of April 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE