UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GILBERTO RAMOS,<br><br>       Petitioner,<br>  v.<br><br>WARDEN LEGRAND, *et al.,*<br><br>       Respondents. | Case No. 3:14-cv-00219-MMD-WGC<br><br>ORDER |

   On January 19, 2016, this Court granted respondents' motion to dismiss petitioner Gilberto Ramos' counseled 28 U.S.C. § 2254 habeas petition as untimely (ECF No. 29). The Court denied a certificate of appealability, and judgment was entered on January 20, 2016 (ECF No. 30). Ramos appealed, and the Ninth Circuit Court of Appeals also denied him a certificate of appealability (ECF Nos. 31, 32, 33).

   Ramos has now filed what he styled as a petition for rehearing based upon the denial of the certificate of appealability (ECF No. 34). His filing includes a copy of the petition for rehearing *en banc* that he submitted to the Ninth Circuit. To the extent that Ramos seeks reconsideration by this Court, Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1). Relief under subsection (b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rule 60(b) applies to habeas proceedings, but only in conformity with Antiterrorism and

Effective Death Penalty Act (AEDPA), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). *Gonzalez*, 545 U.S. at 529. When a Rule 60(b) motion attacks some defect in the integrity of the federal habeas proceedings and not the substance of the court's resolution of a claim on the merits the court should address it as it would a Rule 60(b) motion raised in any other civil case. *Id.* at 532.

Here, Ramos does not assert some defect in the integrity of the federal habeas proceedings (ECF No. 34). He re-argues that he is entitled to habeas relief. Thus, his motion for reconsideration is essentially a second and successive habeas petition. Petitioner is required to seek and obtain leave of the Ninth Circuit Court of Appeals to pursue a second and successive petition. *See* 28 U.S.C. § 2244(b)(3) et seq. This Court may not authorize petitioner to file a second and successive petition. This case is closed and, again, petitioner must seek recourse with the Ninth Circuit. Indeed, Ramos indicates that he has filed a petition for reconsideration by the Ninth Circuit. The motion is denied.

It is therefore ordered that petitioner's petition for rehearing (ECF No. 34) is denied.

DATED THIS 22nd day of February 2017.

MIRANDA DU
UNITED STATES DISTRICT JUDGE

2